**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Austin, | No. 04-3058-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff, an inmate at the Durango county jail in Phoenix, Arizona, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a violation of his constitutional rights. Doc. #1. Defendant has filed a motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies as mandated by 42 U.S.C. § 1997e(a). *See* Doc. #10.

**I. Facts**

The Maricopa County Sheriff's office provides a multi-tiered administrative review process for prisoner grievances. First, an inmate must submit a grievance form to a detention officer within 48-hours of the grieved event. Doc. #10, *see* policy DJ-3, Ex. A. If the detention officer cannot resolve the issue, the grievance is forwarded to the shift supervisor. *Id.* If the shift officer is unable to resolve the grievance, it is forwarded to a hearing officer. *Id.* If the prisoner is not satisfied with the outcome after the hearing officer's review, he can file an institutional grievance with the jail commander. The jail commander is required to "provide a written response to the inmate within seven calendar

1  days from receipt of the appeal." *Id.* "An inmate who has not received a response [from
2  the jail commander] within seven calendar days may file an External Grievance Appeal."
3  *Id.* Alternatively, the inmate may file an external grievance within 24-hours of receiving
4  notice of the jail commander's response. *Id.* Only after the inmate receives a response and
5  written decision by the external referee is the process considered exhausted. Doc. #10.

6  On December 20, 2004, Plaintiff filed an institutional grievance appeal with the jail
7  commander. As noted above, the commander was obliged to respond within seven days.
8  When the commander failed to respond within that time, Plaintiff was entitled to file an
9  external grievance, but did not do so. Plaintiff instead filed his federal complaint on
10 December 30, 2004. Doc. #1. The jail commander issued his written response to the
11 grievance on February 22, 2005, 64 days after receiving it. Doc. #10, Ex. B. Plaintiff was
12 transferred to another facility on February 28, 2005 without having seen the jail
13 commander's response. *Id.*

## II. Legal Standard for Exhaustion

15 Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with
16 respect to prison conditions under section 1983 of this title, or any other Federal law, by
17 a prisoner confined in any jail, prison, or other correctional facility until such administrative
18 remedies as are available are exhausted." 42 U.S.C. §1997e(a); *see McKinney v. Carey*, 311
19 F.3d 1198, 1199-1200 (9th Cir. 2002). The PLRA requires an inmate to exhaust all "available"
20 remedies "irrespective of the forms of relief sought and offered through administrative
21 avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

22 Establishing exhaustion of administrative remedies under the PLRA is not a pleading
23 requirement or a jurisdictional prerequisite. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119
24 (9th Cir. 2003). Rather, the failure to exhaust administrative remedies is an affirmative
25 defense that defendants have the burden of raising and proving. *Id.* This defense is
26 properly raised in an unenumerated Rule 12(b) motion to dismiss. *Id.*

"In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the [district] court may look beyond the pleading and decide disputed issues of fact." *Id.* at 1119-20. The district court should not "read futility or other exceptions into statutory exhaustion requirements" where the statute provides for no such exceptions. *Booth*, 532 U.S. at 741 n.6. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1120.

**III. Analysis**

Defendant asserts that Plaintiff failed to exhaust his administrative remedies when he failed to file an external grievance appeal. Doc. #10. Plaintiff argues that because the jail commander failed to respond to his grievance within seven days, his obligation to file an external appeal was never triggered. Doc. #13.

The PLRA requires that all available remedies be exhausted. 42 U.S.C. § 1997e(a). Plaintiff filed his institutional appeal on December 20, 2004. Pursuant to Defendant's policy, Plaintiff could have filed an external grievance appeal anytime after December 27, 2004. *See* Doc. #10, Ex. A ("An inmate who has not received a response within seven calendar days may file an External Grievance Appeal."). The filing of an external grievance appeal was thus an "available" remedy Plaintiff chose not to pursue. Plaintiff has not shown that there was any interference by prison officials that rendered the external grievance process unavailable. Because Plaintiff failed to exhaust "such administrative remedies as are available," Defendant's motion to dismiss will be granted. 42 U.S.C. §1997e(a).

**IT IS SO ORDERED** that Defendant's Motion to Dismiss (Doc. #10) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this action.

DATED this 31st day of January, 2006.

_____
David G. Campbell
United States District Judge